**In re NEW YORK, S. & W. R. CO.**

District Court, D. New Jersey.

Nov. 20, 1939.

Ralph E. Lum, of Newark, N. J., for Trustee.

Hobart, Minard & Cooper, by Ralph E. Cooper, of Newark, N. J., for debtor.

Larkin, Rathbone & Perry, by Curtis Heath, of New York City, for Central Hanover Bank & Trust Co., Trustee under the Paterson Extension and Midland Mortgages.

J. Harlin O'Connell, of New York City, for group of bondholders, General Mortgage 5's, and New York Trust Co., substituted Trustee under mortgage.

Stewart & Shearer, by Langdon E. Morris, of New York City, for United States Trust Co. of N.Y., Trustee of the Terminal First Mortgage.

Harrison & Roche, by E. S. Sanford, of Newark, N. J., for the National State Bank, successor Trustee under the Second Mortgage.

Anderson, Williamson, Rugge & Coleman, by Raymond A. Coleman, of Jersey City, N. J., for Commercial Trust Co. of N. J., substituted Trustee under N. Y. S. & W. First and Refunding mortgage.

M. C. Smith, Jr., of Cleveland, Ohio, and H. A. Taylor, of New York City, for Trustees of Erie R. Co.

E. L. La Crosse, of New York City, for Edith Merritt, general mortgage bondholder.

CLARK, District Judge.

As appears, unusually elaborate findings of fact and conclusions of law have been filed in the case at bar. As does not appear, but as is the fact, these were put in final form after several sessions in open court. Therefore they should, we hope, be of more than ordinary assistance to an appellate court. Because of that hope, we confine ourselves to an opinion stating what seems to us the general principles that should govern.

A curious shift in attitude pervades the pertinent course of decision. Originally a common law monstrosity, Littleton, Tenures, sec. 446, the after-acquired property clause is permitted in the face of industrial necessity (albeit with some misgivings in England). Without that type of security, railroads cannot develop, see Georgia Southern & F. R. Co. v. Mercantile Trust etc. Co., 94 Ga. 306, 320, 21 S.E. 701, 32 L. R.A. 208, 47 Am.St.Rep. 153. It is sanctioned; hard-earned money is invested on the faith of it, and we find it protected by a benignant judiciary. But in the course of time the railroads need more hard-earned money to develop further, or latterly, to stay developed. Fresh money is available, yet fresh security is not. Some after-acquired property clause, often forgotten but always regretted, stands in the way. Nevertheless the new money must be had. So the erstwhile fair-haired boy of railroad financing ages into an ogre, and is treated accordingly.

This treatment, in the non-legal sense, is exemplified by frequent recourse to the so-called "ordinary" rule that the after-acquired property of a consolidated company does not feed the underlying mortgage of a constituent. We say non-legal out of deference to the legally unassailable major premise behind that precept. As two learned collaborators state it: "It is axiomatic that A cannot mortgage B's property. A

fortiori A cannot mortgage B's future property. Any attempt to do so can have no effect upon B or B's property". Foley and Pogue, After-Acquired Property Under Conflicting Corporate Mortgage Indentures, 13 Minnesota Law Review 81, 87. The legalist has then only to add the often indisputable minor premise that the consolidated and constituent companies are as different as A and B, and the inevitable conclusion follows. The beauty of this demonstration is, however, not appreciated by constituent bondholders unversed in the niceties of corporation law. To them, A and B are and should be one and the same. Their view is shared by several legislative bodies including, as it happens, that of New Jersey.

On March 25th, 1881 (the nick of time), railroad consolidations in this state were subjected to the proviso: "that all rights of creditors and all liens upon the property of either of said corporations shall be preserved unimpaired, and the respective corporations may be deemed to continue in existence to preserve the same; and all debts, liabilities and duties of either of said companies shall thenceforth attach to said new corporation, and be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted". P.L.N.J.1881, Ch. 178, sec. 4, p. 224.

■ Whether the after-acquired property clause is to be effectuated as an equitable lien arising from an implied promise to give security, Foley and Pogue, above cited, 13 Minnesota Law Review 81, 83, 84, or as an equitable assignment, Blair, The Allocation of After-Acquired Mortgaged Property Among Rival Claimants, 40 Harvard Law Review 222, both the letter ("obligations", "duties") and spirit of the statute operate to continue it. A like interpretation has been authoritatively accorded a similar statute in Ohio, Citizens' S. & T. Co. v. Traction Co., 106 Ohio St. 577, 140 N.E. 380; Marfield v. Traction Co., 111 Ohio St. 139, 144 N.E. 689, 40 A.L.R. 357, and recognized by the New York Court of Appeals, Guaranty Trust Co. v. N. Y. etc. Ry. Co., 253 N.Y. 190, 206, 170 N.E. 887. See also, Hamlin v. Jerrard, 72 Me. 62, 80. Furthermore, all students of the subject agree that such a statute takes the case out of the "ordinary" rule, Foley and Pogue, above cited, 13 Minnesota Law Review 81, 88, 89; Klooster, Mortgages of After-Acquired Railroad Property, 27 Illinois Law Review 781, 782; Goodbar, Conflicting Cor-

porate Mortgage Indentures and After-Acquired Property, 12 Boston University Law Review. 648, 651, compare Blair, above cited, 40 Harvard Law Review 222, 233.

The after-acquired property clause, then, survives consolidation by virtue of this statute. It may well be that, fairly construed, the clause will not reach the independent properties of a constituent acquired, so to speak, by consolidation. That construction, however, is hardly warranted where those properties are equitably owned by the mortgagor in the first place. One writer puts it thus: "If the mortgagor puts the purchaser in funds, the property purchased is subject to a resulting trust in the mortgagor's favor, and the mortgagor secures an equitable title thereto. This title may pass under the after-acquired property clause to the mortgagee, since an after-acquired property clause is capable of embracing property to which the mortgagor has equitable title as well as that to which he has legal title". Blair, The Allocation of After-Acquired Mortgaged Property Among Rival Claimants, 40 Harvard Law Review 222, 229. See also, Central Trust Co. v. Kneeland, 138 U. S. 414, 11 S.Ct. 357, 34 L.Ed. 1014, 3 Scott on Trusts sec. 440.1 et seq. Other questions of interpretation come within the generalization: "* * * the after-acquired clause of a railroad or street railway indenture includes all the property which is acquired to form a part of and to be used as a part of the mortgagor's system, as determined by its charter powers at the time the indenture was executed". Goodbar, Conflicting Corporate Mortgage Indentures And After-Acquired Property, 12 Boston University Law Review 648, 649.

Decisions exist, to be sure, which are often cited as advocating greater restriction, see Hinchman v. Pt. Defiance Ry. Co., 14 Wash. 349, 358, 44 P. 867; Commercial Trust Co. v. Chattanooga Ry. & Lt. Co., D.C., 281 F. 856, 861; Metropolitan Trust Co. v. Chicago & E. I. R. Co., 7 Cir., 253 F. 868. At any rate, they are a minority, Foley and Pogue, above cited, 13 Minnesota Law Review 81, 86; Goodbar, above cited, 12 Boston University Law Review 648, 649, and their gist has been subjected to cogent criticism, Cohen and Gerber, The After-Acquired Property Clause, 87 University of Pennsylvania Law Review 635, 651.

■ Though the lien of senior bondholders on after-acquired property is preserv-

ed by statute, and not to be denied by construction, it should, and must, yield to the more powerful equitable position of junior bondholders with respect to acquisitions indubitably traceable to their investment. The technical aspects of this conclusion are exhaustively discussed by a writer in the Harvard Law Review. Its practical justification is summed up thus: "* * * The pioneering investors may justly urge that assumption of the earlier risks of the enterprise entitles them to every additional security which their mortgage may be fairly construed to give them; on the other hand, the 'after-acquired property' clause would become a straightjacket upon future financing, were it allowed the unconditionally paramount force which its terms might be thought to demand". 48 Harvard Law Review 474, 475 (comment). Its justification is self-evident, we may add, in the field of good conscience.

The extent and priority of the various mortgages is accordingly determined and fixed as set forth in the conclusions of law and decree filed herein.